

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED    DEC 15 2006
CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PETER L. WILSON, Individually and as representative of the Class | * | CIVIL ACTION NO. 06-956-JJB-DLD |
| | * | |
| vs. | * | JUDGE: |
| | * | |
| CITIFINANCIAL, INC. | * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CLASS ACTION COMPLAINT

The Petition of Plaintiff, PETER L. WILSON, a major domiciled in the State of Louisiana, in and on behalf of all others similarly situated, respectfully represents the following:

### INTRODUCTION

1.

Plaintiff, PETER L. WILSON, brings this action for damages against Defendant, CITIFINANCIAL, INC. ("Citifinancial"), for accessing consumer reports of plaintiff, and the thousands of people he seeks to represent, without their consent or any lawful reason, in violation of the Fair Credit Reporting Act.

Li JSC, Summons issued

## JURISDICTION AND VENUE

2.

This Honorable Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337 and the Fair Credit Reporting Act (15 U.S.C. §1681 *et seq.*) ("FCRA"), and specifically 15 U.S.C. § 1681p.

3.

Pursuant to 15 U.S.C. § 1681p, district courts are granted subject-matter jurisdiction over all actions to enforce liability created under the FCRA.

4.

Venue in this District is proper because Citifinancial does business in this District and because the mailing that gives rise to the violations of law complained of in this Complaint was directed to and received by plaintiff in this District.

## DESCRIPTION OF THE PARTIES

5.

Plaintiff party is:

PETER L. WILSON, a major domiciled in the Parish of East Baton Rouge.

6.

Defendant party is:

2

CITIFINANCIAL, INC. is a foreign company doing business in the State of Louisiana, with its registered agent for service of process located at CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809.

## THE FAIR CREDIT REPORTING ACT

7.

Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein.

8.

The Fair Credit Reporting, 15 U.S.C. § 1681 *et seq.*, is a consumer-protection statute that regulates the activities of credit reporting agencies and users of consumer reports, and provides rights to consumers affected by the use of information that is collected about them.

9.

The purpose of the FCRA is to protect consumers' privacy by safeguarding the confidentiality of the information maintained by consumer reporting agencies. It states, "(t)here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

10.

The FCRA protects consumers by prohibiting any release of consumer reports unless the release is for one of the permissible purposes set forth in 15 U.S.C. § 1681b.

11.

The permissible purposes set forth in 15 U.S.C. § 1681b primarily include transactions initiated by consumers.

12.

One of the few circumstances in which the FCRA allows financial institutions to use consumer reports without consent from the consumers is when the recipient of the information extends the consumer "a firm offer of credit..."  15 U.S.C. § 1681b(c)(1)(B)(I).

13.

Because financial institutions seeking to extend pre-approved offers of credit access the consumer's private and confidential information without the consumer's approval, the FCRA requires that financial institutions extend firm offers such that they may be accepted absent further negotiation. The "firm offer of credit" must be one that "will be honored."  15 U.S.C. § 1681a(1).

## FACTUAL ALLEGATIONS

14.

Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein.

15.

In November 2006, Plaintiff received the documents attached as Exhibit 1 at his residence by United States mail.

4

16.

Exhibit 1 was transmitted by Citifinancial and provides that the Plaintiff is "pre-selected* for a $4,000 loan."  It further states that "(t)his 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria."

17.

However, Plaintiff did not authorize any credit reporting agency to provide any information about him to Citifinancial.

18.

Further, Plaintiff did not authorize Citifinancial to obtain any information about him from any credit reporting agency.

19.

Exhibit 1 states that Citifinancial accessed Plaintiff's credit report.

20.

Plaintiff did not initiate any transaction with Citifinancial.

21.

Upon information and belief, Citifinancial engaged in or arranged for the "prescreening" of consumers based on information in consumer reports held by a consumer reporting agency.

22.

Based on the results of such "prescreening," Citifinancial sent or caused to be sent mailers identical or substantially similar to Exhibit 1 to numerous consumers, including Plaintiff.

23.

Upon information and belief, thousands of mailers in the form represented by Exhibit 1 were sent to residents of Louisiana.

24.

On at least five other prior occasions Citifinancial was sued by consumers for violations of the FCRA for mailers with almost identical terms as Exhibit 1. Upon notice of these lawsuits Citifinancial was put on notice of its violations of the FCRA. Yet, it continued to access credit reports without consent without offering firm offers of credit.

## LIABILITY OF CITIFINANCIAL

25.

Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein.

26.

The Citifinancial mailer, which was identical or substantially similar to Exhibit 1, and which was sent to each of the members of the class, does not contain "a firm offer of credit or insurance" as required by 15 U.S.C. § 1681b(c)(1)(B)(I) because it does not include one or more of the following material loan terms:

6

a.     It does not include the amount of credit being extended;

b.     It does not include the interest rate of the credit being extended;

c.     It does not include the terms or amortization period of the credit being extended;

d.     It does not indicate whether any costs, fees or other charges apply to the credit being offered; or

e.     It does not include the method under which the interest on the credit being extended will be computed.

27.

The purported offer is vague and totally lacking in terms, other than an amount, $4,000.  It has no value beyond a solicitation for loan business, the sending of which is not a permissible purpose for accessing a consumer report.

28.

Thus, the mailers sent by Citifinancial to Plaintiff and the other class members do not qualify as a "firm offer of credit or insurance," were not obtained for a "permissible purpose," and violate the FCRA.

29.

By failing to include a firm offer of credit in the mailers received by Plaintiff and the class, Citifinancial willfully violated the FCRA.  In fact, Citifinancial was sued for violations of the FCRA on at least 5 other occasions in other jurisdictions before Exhibit 1 was ever received by Plaintiff.  The mailers upon which those other suits were filed contained almost

identical terms.  Thus, Citifinancial had notice of prior allegations that it had violated the FCRA, which is further evidence that it willfully violated the Act.

30.

Pursuant to 15 U.S.C. § 1681n, Citifinancial is subject to civil liability for its willful noncompliance with the FCRA.

## CLASS ACTION ALLEGATIONS

31.

Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein.

32.

Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of all Louisiana residents who received a mailer similar in form to Exhibit 1 from Citifinancial on or after two years prior to the filing of this action.

33.

Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  It is believed that this mailer, or a mailer substantially similar to Exhibit 1, was sent to thousands of Louisiana residents.

34.

There are questions of law and fact common to the Class and which predominate over any individual issues.  Common questions of law and fact include, without limitation:

a.   Whether Citifinancial accessed the credit report of each of the class members;

b.   Whether the Defendant had a permissible purpose for accessing the credit reports of the class members;

c.   Whether each of the class members were sent mailers identical or substantially similar to Exhibit 1;

d.   Whether the mailers constitute a "firm offer of credit;" and

e.   Whether Defendant's conduct was a willful violation of the FCRA.

35.

Plaintiff's claims are typical of the Class.  As with members of the Class, Plaintiff received a mailer from Defendant after his credit report was accessed without his consent. All of his claims are based on the same legal and factual basis.  Plaintiff's interests coincide with, and are not antagonistic to, those of the other class members.

36.

Plaintiff will fairly and adequately represent and protect the interests of the Class because:

a.   Plaintiff has retained counsel experienced in the prosecution of class action litigation and counsel will adequately represent the interests of the Class;

b.   Plaintiff and her counsel are aware of no conflicts of interests between Plaintiff and absent Class members or otherwise;

c.   Plaintiff has or can acquire adequate financial resources to assure that the interests of the Class will not be harmed; and

d.   Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel to vigorously prosecute this litigation.

9

37.

A class action provides a fair and efficient method for adjudicating this controversy and is superior to other available methods of adjudication in that:

a.   Neither the size of the Class nor any other factor makes it likely that difficulties will be encountered in the management of this action as a class action;

b.   The prosecution of separate actions by individual class members or the individual joinder of all class members in this action is impracticable and would create a massive and unnecessary burden on the resources of the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each member of the Class;

c.   Because of the disparity of resources available to Defendant versus those available to individual class members, prosecution of separate actions would work a financial hardship on many class members; and

d.   The conduct of this action as a statewide class action conserves the resources of the parties and the court system, and protects the rights of each member of the Class, and meets all due process requirements as to fairness to the Defendant. The conduct of the class action is also far superior to maintenance on a claim-by-claim basis when all actions arise out of the same circumstances and course of conduct.

## DAMAGES AND REQUESTED REMEDY

38.

Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein.

39.

Pursuant to 15 U.S.C. § 1681n, civil liability is imposed against any person that willfully violates the provisions of the FCRA.

10

40.

Any person who willfully violates the FCRA shall be liable to the consumer in an amount equal to the sum of any actual damages sustained by the consumer because of the violation, which shall not be less than $100 or more than $1,000.   15 U.S.C. § 1681n(a)(1)(A).

41.

In addition, a consumer may recover punitive damages, costs of the litigation and reasonable attorneys' fees.  15 U.S.C. § 1681n(a)(2)-(3).

42.

For its willful violations of the FCRA, Citifinancial is liable to Plaintiff and the members of the class for actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of himself and as representatives of all other persons similarly situated, pray for judgment against the Defendant, as follows:

1.   An Order certifying the Class under the appropriate provisions of F.R.C.P. Rule 23, and appointing the Plaintiff and his counsel to represent the class;

2.   For damages as alleged herein;

3.   For punitive damages;

4.   For pre-judgment interest from the date of filing this suit;

5.    For reasonable attorney's fees;

6.    For all costs of this proceeding; and

7.    For all general, special, and equitable relief to which the Plaintiffs and the

members of the class are entitled by law.

RESPECTFULLY SUBMITTED:


BY:_____
John P. Wolff, III, Bar #14504
Christopher K. Jones, Bar # 28101
701 Main Street
P.O. Box 1151 (70821)
Baton Rouge, LA 70802
Telephone: (225) 383-3796
*Attorney for Plaintiffs*


Philip Bohrer, Bar #14089
Scott E. Brady, Bar #24976
BOHRER LAW FIRM, L.L.C.
712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone:  (225) 925-5297
*Attorney for Plaintiffs*

12

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   East Baton Rouge
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christopher K. Jones; Keogh, Cox & Wilson, Ltd.;
P.O. Box 1151, Baton Rouge, LA 70821; 225-383-3796

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Credit Reporting Act (15 U.S.C. Sect. 1681p)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE   12/15/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   591     AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE